Appellee urges in her motion for rehearing that the court erred in holding that the presumption of the validity of the marriage between appellant and Julio Jubala could not be overcome in the circumstances shown by the evidence in this case except by evidence so clear, strong, and unequivocal as to produce a moral conviction in the minds of the court that the obstacle *Page 316 
of the previous marriage existed at the time of such marriage; and in support of this position appellee quotes that portion of section 44, 18 R.C.L., Title, Marriage, that appears at page 419, in which among other things it is stated: "Therefore in case there is a conflict of presumptions it would appear more reasonable that that one should yield which has the least probability to sustain it rather than that the one in favor of innocence and of the validity of the subsequent marriage should prevail."
But the trouble with this authority is that appellee did not finish the quotation. If her counsel had turned to the next page and continued to quote from the same paragraph the ending would have been as follows: "The presumption, which increases in strength with the lapse of time, can only be overcome by clear and convincing evidence to the contrary, and the evidence to overcome it must be especially strong after the lapse of a great many years. To overcome the prima facie case established by the showing of a subsequent marriage, proof of a former marriage is required, and also evidence from which it may be concluded that it has not been dissolved by death or divorce. Mere proof of a prior marriage and that one party had not obtained a divorce is not sufficient, for the other might have obtained such divorce and left him or her free to contract the second marriage."
We are satisfied that the rule of law stated should apply in this case as appellee's claim is based on an alleged marriage entered into 34 years before the death of Julio Jubala and the parties had not lived together at that time for at least 24 years, if ever.
It is argued that we "cannot consider for any purpose the question of the fact of the marriage between appellee Nami Singh and Julio Jubala" because it is not an issue in the case on appeal in that appellant requested the court to find that such marriage had occurred; likewise it is urged that we cannot question the date that deceased left India because the appellant requested the court to find that date to be the year 1907. Appellant would certainly be bound by such requests if that question was before us, but we are not bound to the extent (if at all) that we cannot consider all the testimony in the case that bears upon the crucial question of whether there was any obstacle to the marriage between Julio Jubala and the appellant, and particularly that going to the credibility of the witnesses; for at least it is not agreed that any previous marriage existed at the time appellant and Julio Jubala were married. We are as capable as the district judge to determine the value of testimony given by deposition, and findings of the court based thereon are not binding on us.
We have expressed some doubt as to whether appellee and Julio Jubala were ever married at all because of the unsatisfactory character of the testimony of the Indian witnesses. They had remarkable memories for dates, but were strangely deficient in matters of much more importance and which ordinarily would not *Page 317 
be forgotten. For instance, each of the witnesses, after 34 years, could remember that the marriage ceremony in question occurred on the 3d day of June, 1898, and that the deceased left India in 1907; yet appellee testified just as positively that she had lived with her husband 3 years when he left India and that she went to live with him immediately after marriage; her father-in-law testified that the deceased left India 6 years after the marriage; and appellee's father testified that she went immediately to the home of the deceased and had lived with him over 2 years when he left for America. It is unnecessary to point out the discrepancies in the testimony of other witnesses because these three were the most interested. If he left India in 1907, appellee and deceased had lived together 9 years and she was 21 years old at that time. The remarkable feats of memory of all the witnesses with reference to the manner of the performance of the ceremony and minute details in connection therewith and who was present, given after 34 years, together with the recollection of dates mentioned would, one would think, indicate intelligence enough to also remember (particularly appellee) the length of time appellee and her husband lived together. The categorical answers as to the date of an occurrence after a long lapse of time are not ordinarily as credible testimony as circumstances showing a different date.
The matter of the date deceased left India is extremely important, because appellee must account for the time intervening between such date and when the deceased arrived in New Mexico, to satisfy the minds of the court that no divorce had been obtained by him in this interval. One witness testified deceased was in Mexico for a year, but the evidence clearly shows this to be the "`rankest kind of hearsay" (to use appellee's language as to another matter) as the witness also testified he first saw the deceased in 1930 after he had come to New Mexico. There is no substantial evidence to show the whereabouts of deceased from the time he left India (whatever date that may have been) until he arrived in New Mexico. No attempt is made to establish that he had never been divorced except the testimony of a Mexican lawyer that he could not have been divorced in the Republic of Mexico and the testimony of three Indian witnesses, each of whom testified that deceased had stated to him that he had a wife in India. The blanket character of this testimony would cover all deficiencies if accepted by us without question. Courts are divided as to the admissibility of such testimony for any purpose; but assuming that it was correctly admitted in evidence, we are not inclined to accept it as being of the character we have held must be produced in this case to overcome the presumption of the legality of the second marriage.
We are advised by appellant that "this court cannot and should not weigh conflicting evidence and should only examine it for the purpose of determining whether the same was substantial evidence," and appellee "is wholly unable to *Page 318 
understand" upon what authority we have undertaken to weigh the evidence in this case. We call appellee's attention to Davidson v. Enfield,35 N.M. 580, 3 P.2d 979, from which we quote the second syllabus as follows: "Where much of the testimony is by deposition or a transcript of testimony of absent witnesses taken at a former hearing before another tribunal, this court may review the entire record to determine whether the judgment rendered by the trial court is supported by a preponderance of the evidence."
The motion for a rehearing will be denied.
SADLER, C.J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.